1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAVEL VOLODKIN et al.,<br><br>               Plaintiffs,<br><br>     v.<br><br>UR M. JADDOU et al.,<br><br>               Defendants. | CASE NO. 2:24-cv-00434-LK<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiffs' Motion for Default Judgment. Dkt. No. 8. Plaintiffs falsely assert that the Clerk "docketed entry of default judgment against the Defendant[s]" on July 31, 2024. *Id.* at 2. This is not the only shortcoming in Plaintiffs' motion, as discussed below. The Court denies the motion and orders Plaintiffs' counsel to show cause why she should not be sanctioned for her misrepresentation to the Court.

## I.    BACKGROUND

Plaintiffs are Russian citizens and residents of Washington who identify as members of Jehovah's Witnesses, a religious organization. Dkt. No. 4 at 3, 6. In 2016, soon after they arrived in the United States, Plaintiffs applied for asylum with U.S. Citizenship and Immigration Services

("USCIS") alleging that they had experienced religious persecution in Russia. *Id.* at 3; *see also* Dkt. No. 1-4. USCIS received their application on December 2, 2016, and Plaintiffs were fingerprinted shortly thereafter. Dkt. No. 4 at 3; *see also* Dkt. No. 1-5 at 1. Plaintiffs allege that, despite their request for expedited review of their application, USCIS has not yet interviewed them or adjudicated their application. Dkt. No. 4 at 4–5.

On February 7, 2024, Plaintiffs sent a letter to USCIS Director Ur M. Jaddou, USCIS's San Francisco Asylum Office Director Danielle Lehman, and USCIS's Seattle Asylum Office Field Office Director Anne Arries Corsano, indicating their intent to file for a writ of mandamus unless USCIS scheduled an interview with them within 30 days. Dkt. No. 4 at 5–6; *see also* Dkt. No. 1-13 at 1. On March 29, 2024, after receiving no response, Plaintiffs filed a complaint for declaratory, mandamus, and injunctive relief under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, against USCIS, Jaddou, Lehman, and Corsano, as well as U.S. Attorney General Merrick B. Garland. Dkt. No. 4 at 6, 11–13.[1] Plaintiffs represent that they sent a copy of the complaint and summons to all Defendants, as well as the U.S. Attorney's Office in Montgomery, Alabama. Dkt. No. 8 at 2; Dkt. No. 8-1 at 2, 5, 8. On July 31, 2024, Plaintiffs filed the instant motion.

## II.   DISCUSSION

### A.   Jurisdiction

The Court has subject matter jurisdiction over Plaintiffs' mandamus action pursuant to 28 U.S.C. § 1361 and over their APA action pursuant to 28 U.S.C. § 1331.

---

[1] The Clerk deemed Plaintiffs' original complaint, Dkt. No. 1, deficient because it was not properly signed by Plaintiffs' counsel in accordance with Federal Rule of Civil Procedure 11 and Local Civil Rule 83.2, Dkt. No. 3 at 1. Plaintiffs filed a praecipe to correct this deficiency on April 1, 2024. Dkt. No. 4.

1    **B.    Plaintiffs' Motion for Default Judgment is Denied**

2        The Court cannot enter default judgment in Plaintiffs' favor because they have failed to

3    (1) properly serve Defendants pursuant to Federal Rule of Civil Procedure 4 and (2) follow the

4    procedures for default judgment required by Federal Rule of Civil Procedure 55, Local Civil Rule

5    55(b), and this Court's Standing Order for all Civil Cases.

6        1.   Improper Service under Rule 4

7        Federal Rule of Civil Procedure 55 authorizes this Court to enter a default judgment against

8    a defendant who "has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). However, a

9    defendant's obligation to respond to a complaint is not triggered until it has been "served with the

10   summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). Furthermore, if a defendant is not properly

11   served pursuant to Federal Rule of Civil Procedure 4, this Court does not have personal jurisdiction

12   over that defendant and consequently cannot enter judgment against them. *See Direct Mail*

13   *Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *Herbalife*

14   *Int'l of Am., Inc. v. Healthy1 Inc.*, 830 Fed. App'x 801, 803 (9th Cir. 2020) ("A default judgment

15   is void if the defendant has not been made a party by service of process." (quotation marks and

16   citation omitted)). Therefore, "[b]efore granting a motion for default judgment a court must first

17   assess the adequacy of the service of process on the party against whom default judgment is

18   requested." *Calista Enters. Ltd. v. Tenza Trading Ltd.*, No. 3:13-cv-01045-SI, 2014 WL 3670856,

19   at *2 (D. Or. July 23, 2014) (quotation marks and citation omitted).

20       Plaintiffs have failed to properly serve Defendants in accordance with Rule 4. Because

21   Defendants are federal agencies and federal officers sued in their official capacity, Plaintiffs must

22   not only serve each Defendant separately but also serve the United States. Fed. R. Civ. P. 4(i)(2).

23   To serve the United States, a party must—among other things—"(i) deliver a copy of the summons

24   and of the complaint to the United States attorney *for the district where the action is brought*—or

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND ORDER TO SHOW CAUSE - 3

1  to an assistant United States attorney or clerical employee whom the United States attorney

2  designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or

3  certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P.

4  4(i)(1)(A) (emphasis added). Plaintiffs' service upon the U.S. Attorney for the Middle District of

5  Alabama does not meet this requirement. Dkt. No. 8-1 at 8.

6        More than 90 days have elapsed since Plaintiffs filed their complaint, and they have not

7  served Defendants. Fed. R. Civ. P. 4(m); Dkt. No. 1. However, in accordance with Federal Rule

8  of Civil Procedure 4(i)(4), the Court will permit Plaintiffs a reasonable time period to cure their

9  failure to properly serve Defendants.

10       2.   Failure to Comply with Rule 55 and this Court's Standing Order

11       Even if the Court were to find that Defendants were properly served, Plaintiffs have wholly

12  failed to comply with the requirements for default judgment under Rule 55, this District's Local

13  Civil Rules, and this Court's Standing Order for all Civil Cases.

14       Obtaining a default judgment is a two-part process: first, the moving party must obtain an

15  entry of default; and second, the moving party must request a default judgment from the clerk or

16  apply for one from the Court. Fed. R. Civ. P. 55(a)–(b); *Kam-Way Transp. Inc. v. Am. Express*

17  *Freight Inc.*, No. 2:23-cv-00129-LK, 2023 WL 4492200, at *1 (W.D. Wash. May 26, 2023). The

18  Local Civil Rules expressly provide that "[n]o motion for judgment by default should be filed

19  against any party unless the court has previously granted a motion for default against that party

20  pursuant to LCR 55(a) or unless default otherwise has been entered." LCR 55(b)(1). This Court's

21  Standing Order also requires that movants for default judgment provide sufficient information for

22  the Court to enter judgment. Dkt. No. 7-1 at 6. Plaintiffs have done none of these things.

23       First, there is no indication that Plaintiffs have obtained an entry of default against

24  Defendants, despite their representation that "the Clerk of this Court, after reviewing the

Application for Default and the supporting Affidavits, docketed entry of default judgment against the Defendant[s]" on July 31, 2024. Dkt. No. 8 at 2. Second, Plaintiffs' motion completely fails to address the relevant factors governing default judgment. *See* LCR 55(b)(2) ("Plaintiff must support a motion for default judgment with a declaration and other evidence establish plaintiff's entitlement to a sum certain and to any nonmonetary relief sought."); Dkt. No. 7-1 at 6 ("Motions for default judgment must provide sufficient information for the Court to enter judgment," including but not limited to "address[ing] the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).").

Although an attorney who fails to comply with the Federal Rules of Civil Procedure or the Local Civil Rules of this Court, or who needlessly multiplies the proceedings in a case, may be subject to sanctions as the Court may deem appropriate, LCR 11(c), in this instance the Court excuses counsel's failure to comply with the applicable Rules and the Court's Standing Order— provided, however, that Plaintiffs may not recover fees incurred for correction of these mistakes. Dkt. No. 7-1 at 6. What the Court does not excuse, however, is counsel's false representation that "the Clerk of this Court, after reviewing the Application for Default and the supporting Affidavits, docketed entry of default judgment against the Defendant[s]" on July 31, 2024. Dkt. No. 8 at 2. Plaintiffs' counsel is therefore ordered to show cause why she should not be sanctioned for her misrepresentation.[2]

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment, Dkt. No. 8, is DENIED. Plaintiffs must properly serve Defendants in accordance with Rule 4 within 30 days of this Order

---

[2] Washington Rule of Professional Conduct 3.3(a)(1) provides that "[a] lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]" *See also* LCR 83.3(c)(3)–(4).

1    or the Court will dismiss this case without prejudice. *See* Fed. R. Civ. P. 4(i), 4(m). Plaintiffs'

2    counsel is ORDERED to show cause within 21 days of this Order why she should not be sanctioned

3    for her misrepresentation to the Court.

4         Dated this 15th day of August, 2024.

5

6                                        Lauren King
                                         United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24